IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RACHEL RIOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GRACEMED HEALTH CLINIC, INC., | )   Case No. |
| | ) |
| Defendant. | ) |
| _____ | ) |

## COMPLAINT

COMES NOW Plaintiff, Rachel Rios, by and through her counsel Mark G. Ayesh and David M. Hahn of the Ayesh Law Offices, and for her causes of action against the Defendant GraceMed Health Clinic, Inc., alleges and states as follows:

### PARTIES

1. Plaintiff Rachel Rios is an individual who is a resident of Kansas.

2. Defendant GraceMed Health Clinic, Inc., is a not for profit corporation, doing business in the state of Kansas, and whose principal office is located at 1122 N. Topeka, Wichita, Kansas 67214. GraceMed Health Clinic, Inc., may be served with legal process through its registered agent: David C. Sanford at 1122 N. Topeka, Wichita, Kansas 67214.

### JURISDICTION AND VENUE

3. This is an employment case arising under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").

4. The unlawful practices and actions alleged below were committed within the state of Kansas, and Venue is properly laid in this Court by virtue of 28 U.S.C. § 1391(b).

### FACTS

5. Plaintiff is a 41-year-old female.

6. Plaintiff was employed by GraceMed Health Clinic, Inc., as a Customer Service Representative from May 22, 2017 to November 30, 2018 at the Call Center located in the shopping center at Seneca and 31st Street.

7. GraceMed Health Clinic, Inc., is a Kansas organization formed to provide medical attention to lower income people in the Kansas area (formerly known as United Methodist Health Clinic of Wichita, Inc.).

8. Prior to becoming employed, Plaintiff required at least fourteen (14) surgeries for various issues including a hysterectomy, gastric bypass, the removal of a gallbladder, hernias and kidney stones. The many surgeries were as a result of complications with the gastric bypass.

9. For the first year of her employment, Plaintiff did not endure any significant medical issues that would have required the Family Medical Leave Act ("FMLA").

10. During the summer of 2018, Plaintiff began to have pain in her stomach region caused by a new hernia and tumors.

11. On August 23, 2018, Plaintiff went to the hospital and surgery was scheduled for September 19, 2018. Because of the complex nature of her medical problems, three surgeons were scheduled to be present so that Plaintiff would endure only a single surgery.

12. Plaintiff filed for FMLA. She received a Notice of Eligibility and Rights for the FMLA from the Human Resources department of Defendant. Plaintiff gave the FMLA paperwork to her supervisor as instructed.

13. On August 24, 2018, Plaintiff faxed the Certification of Health Care Provider from the physician's office for intermittent leave to her supervisor.

14. Plaintiff sent in her Paid Time Off requests for future doctor's appointments in preparation for her surgery. The Paid Time Off requests were received and approved.

15. On August 29, 2018, Plaintiff received the FMLA Notice of Eligibility and Rights from

the Human Resources department of the Defendant.

16. On September 10, 2018, Plaintiff did not feel well and left work to go to the emergency room.

17. Plaintiff's supervisor called the Plaintiff after work hours at approximately 5:30 p.m. to inquire as to Plaintiff's status. At the time of the call, Plaintiff was sitting in the emergency and on pain medications to help ease her harsh stomach pains.

18. On September 11, 2018, Plaintiff received an email from Human Resources stating that Plaintiff's Certification of Health Care Provider was due on September 14, 2018. Human Resources advised that they never received the FMLA paperwork from Plaintiff's supervisor.

19. Plaintiff immediately emailed her supervisor to inquire why the FMLA documents were not submitted to Human Resources. Plaintiff's supervisor did not respond.

20. Plaintiff then called Human Resources to inquire about the FMLA documents. Human Resources personnel immediately changed the subject and asked Plaintiff what medication she was on for her health issue.

21. Plaintiff stated that she sometimes took Tylenol, which Defendant provided, while at work, and at night she took Percocet which was prescribed by a physician. Plaintiff was suspended for three (3) days and told she had fifteen (15) minutes to go to Via Christi Occupational Medicine ("Via Christi") to take a blood test and urine analysis or Plaintiff would be terminated.

22. Plaintiff rushed to Via Christi and took the required tests, both of which came back clean.

23. Plaintiff went to Human Resources after her tests to request a copy of the reason she was being suspended and was provided a generic memorandum utilized by Defendant to inform employees being investigated and put on leave.

24. Plaintiff never received in writing or verbally a reason for her suspension.

25. On September 11, 2018, twelve (12) days past the FMLA requirement, Plaintiff received

an email from Human Resources stating that the intermittent leave for FMLA had been approved.

26. On September 19, 2018, the surgeries were performed.

27. On November 30, 2018, the FMLA twelve (12) weeks was done and Plaintiff was due back at work. Plaintiff did not return to work and considered herself constructively discharged and retaliated against for using FMLA.

## CAUSES OF ACTION

### 1. FMLA - INTERFERENCE AND/OR RETALIATION

28. Plaintiff incorporates paragraphs 1 through 27 of this complaint.

29. Plaintiff was employed by Defendant for a period exceeding one year and worked in excess of 1,250 hours in the 12-month period preceding any FMLA leave request made by her.

30. Plaintiff was entitled to FMLA leave because of a serious medical condition causing her excruciating pain and covered by the Act.

31. Plaintiff properly followed procedures relating to giving notice of and requesting FMLA leave.

32. Defendant willfully interfered with, restrained, and/or impeded Plaintiff's entitlement to rights under the FMLA, to-wit: twelve workweeks of leave within the relevant fifty-two week period by:

    A. Claiming to not receiving the FMLA paperwork and scolding Plaintiff for following procedures she was told were correct; and

    B. Forcing Plaintiff to partake in drug and alcohol testing even though her medical conditions were apparent; and

    C. Humiliating her into resigning her job.

33. Defendant willfully discriminated against Plaintiff by constructively discharging her from her employment after requesting and taking FMLA leave.

34. Plaintiff suffered damages and is entitled to an award of actual damages; liquidated damages, attorneys' fees, costs, and such other and further relief the Court deems just and proper.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant for the following relief:

A. For wages, salary, employment benefits, or other compensation denied or lost to plaintiff; and

B. For the interest on the amount requested above in ¶ A, calculated at the prevailing rate; and

C. For an additional amount as liquidated damages equal to the sum of the amount requested above in ¶ A and the interest requested above in ¶ B; and

D. For reasonable attorneys' fees, expert witness fees, costs and such other and further relief the Court deems just and proper.

Respectfully submitted,

AYESH LAW OFFICES

By:/s/ David M. Hahn
Mark G. Ayesh, #10175
David M. Hahn, #27488
AYESH LAW OFFICES
8100 East 22nd Street North
Building 2300, Suite 2
P. O. Box 781750
Wichita, KS  67278-1750
Telephone:  316-682-7381
E-Mail: mayesh@ayeshlaw.com
*Attorneys for Plaintiff*

### DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that the issues in this matter be heard by a jury.

### DESIGNATION OF TRIAL

Plaintiff designates Wichita, Kansas as the location for the trial in this matter.

                                      By:/s/ David M. Hahn  
                                          David M. Hahn, #27488