UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RACHEL RIOS,

    Plaintiff,

v.                                        Case No. 19-cv-1164-EFM

GRACEMED HEALTH CLINIC, INC.,

    Defendant.

## **ORDER**

Plaintiff brings this employment case, arising under the Family and Medical Leave Act, alleging defendant, GraceMed Health Clinic, Inc., constructively discharged and retaliated against her due to her status as a disabled person under the Americans with Disability Act.[1] Defendant has filed a motion (ECF No. 23) seeking to compel plaintiff's discovery responses, which plaintiff has failed to provide. For the reasons discussed below, defendant's motion is granted.

Background

Defendant served its first set of interrogatories and first requests for production on August 26, 2019.[2] Plaintiff's counsel asked for two extensions, totaling three weeks, and informed defense counsel plaintiff had been in the hospital but was working on responses.[3] Defense counsel reached out several times in November 2019, and plaintiff's counsel

---

[1] ECF No. 1.
[2] ECF No. 13.
[3] ECF No. 23 at 2.

informed defense counsel on November 15, 2019 he was "unsure when [plaintiff] might respond to the overdue discovery."[4]

Defendant filed the instant motion on November 18, 2019, moving to compel discovery responses from plaintiff.[5] Plaintiff opposes the motion, stating plaintiff's health problems have exacerbated and she has been in the hospital undergoing treatment for stage-three pancreatic cancer.[6] Plaintiff seeks an extension to respond to the discovery until December 31, 2019. Defendant does not consent to the requested extension, arguing it needs the discovery responses to move forward with discovery, including fact-witness depositions.[7] Plaintiff's deposition has apparently been rescheduled from November 26, 2019, although the parties have not yet filed a notice to that effect.[8]

Analysis

A party may move under Fed. R. Civ. P. 37(a) to compel disclosure or discovery. A party may compel discovery if "a party fails to answer an interrogatory" or "fails to produce documents."[9] The motion to compel must include evidence that the movant "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[10]

---

[4] *Id.*
[5] *Id.*
[6] ECF No. 26 at 1.
[7] ECF No. 28 at 1-2.
[8] *Id.* at 1.
[9] Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv).
[10] Fed. R. Civ. P. 37(a)(1); D. Kan. R. 37.2.

Defense counsel has made numerous attempts to obtain plaintiff's discovery responses and has demonstrated it is willing to grant reasonable extensions of time to plaintiff. Plaintiff's counsel obtained two extensions and then stopped seeking extensions, either from defense counsel or by motion. The court does not doubt plaintiff's counsel has attempted to obtain discovery responses from his client. But plaintiff's counsel's mere assertion he has "made many attempts to receive discovery but has been unable to up to this point"[11] does not justify a lack of compliance with the rules of discovery.

The court is sympathetic to plaintiff's ongoing health issues and is willing to reasonably accommodate the parties. But the court is also mindful of the federal and local rules governing this court and the need to keep the case on track with the deadlines imposed by the scheduling order. To allow plaintiff another month to respond, on top of the two additional months she has had beyond the original September deadline, would unnecessarily stall the discovery process. The court will grant defendant's motion and order plaintiff to respond to the discovery requests by **December 10, 2019**.

If plaintiff is truly unable to comply with that deadline, her counsel shall, as required by the local rules, confer with defense counsel about the appropriate remedy. The parties have already agreed to postpone the mediation deadline to February 13, 2020 (ECF No. 27). To the extent plaintiff's health issues will render her unable to comply with the deadlines in this case, her counsel should work with defense counsel to work out short-term extensions or a more substantive amendment of the scheduling order (ECF No. 12).

---

[11] ECF No. 26 at 1.

If warranted by the circumstances, plaintiff's counsel should consider whether it may be appropriate to move for a stay of discovery due to plaintiff's health issues.

IT IS THEREFORE ORDERED that defendant's motion to compel (ECF No. 23) is granted. Plaintiff shall provide her discovery responses in full, without any objections, by **December 10, 2019**.

Dated November 26, 2019, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge